**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:    THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| JIANGSU SENMAO BAMBOO AND WOOD INDUSTRY CO., LTD. et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| ZHEJIANG DADONGWU GREENHOME WOOD CO., LTD. et al., | )<br>)<br>) |
| Consolidated Plaintiffs, | )<br>) |
| v. | ) Consol. Ct. No. 20-03885 |
| UNITED STATES, | )<br>) |
| Defendant. | )<br>) |
| and | )<br>) |
| AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING, | )<br>)<br>) |
| Defendant-Intervenors. | )<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CONSOLIDATED PLAINTIFF
ZHEJIANG DADONGWU GREENHOME WOOD CO., LTD.
RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD**

Adams C. Lee
HARRIS BRICKEN SLIWOSKI LLP
600 Stewart Street
Suite 1200
Seattle, WA 98101
(206) 224-5657

May 14, 2021

**TABLE OF CONTENTS**

I.   RULE 56.2 STATEMENT ................................................................................................1
II.  STATEMENT OF FACTS................................................................................................2
III. JURISDICTION AND STANDARD OF REVIEW .......................................................3
IV.  ARGUMENT......................................................................................................................3

I.  **RULE 56.2 STATEMENT**

Consolidated Plaintiff Zhejiang Dadongwu GreenHome Wood Co., Ltd., ("Consolidated Plaintiff" or "GreenHome"), contests the U.S. Department of Commerce's ("Department" or "DOC") final results in the administrative review of the countervailing duty order on multilayered wood flooring ("MLWF") from the People's Republic of China for the period January 1, 2017, through December 31, 2017.  *Multilayered Wood Flooring from the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review,* 2017, 85 Fed. Reg. 76,011 (November 27, 2020) ("*Final Results*") and the accompanying Issues and Decision Memorandum  ("*I&D Memo*"). GreenHome seeks judgment upon the agency record with respect to the following issues:

1. If DOC's determination of the countervailable subsidy rate for either of the two mandatory respondents is found to be not supported by substantial evidence or not in accordance with law, then the countervailable subsidy rate assigned to non-selected respondents, including GreenHome, should also be found to be not supported by substantial evidence or not in accordance with law.

## II.  STATEMENT OF FACTS

Consolidated Plaintiff, GreenHome, is a foreign producer and exporter of the merchandise subject to this countervailing administrative review of *MLWF from China*.

The Department selected only two companies to be the mandatory respondents for this review, Baroque Timber Industries ("Baroque Timber") and Jiangsu Guyu International Trading Co., Ltd. ("Guyu"). Memorandum from Dep't of Commerce, Multilayered Wood Flooring from the People's Republic of China: Respondent Selection (May 21, 2019) (CR 6, PR 57).

As a non-selected respondent, GreenHome did not receive any original or supplemental questionnaires from the Department that sought any information from GreenHome regarding its receipt of countervailable subsidies.

### *DOC's Preliminary Results*

On February 6, 2019, the Department published its preliminary results for this administrative review. *Multilayered Wood Flooring from the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review: 2017,* 85 Fed. Reg. 6908 (February 6, 2020) ("Preliminary Results").

In the *Preliminary Results*, the Department calculated countervailable subsidy rates for the two mandatory respondents of 18.18 percent for Baroque Timber and 123.26 percent for Guyu. For the non-selected respondents, which included GreenHome, the Department calculated a countervailable subsidy rate of 24.61 percent. *Preliminary Results* at Appendix III (#144). The rate for the non-selected companies under review was calculated based on the weighted average of the net subsidy rates calculated for the mandatory respondents Baroque Timber and Guyu. Preliminary Results, Issues & Decision Memorandum at 6.

### *DOC's Final Results*

On November 27, 2020, the Department published in the Federal Register its final results for this review. *Final Results*. The Department revised its calculation of the countervailable subsidy rates for the two mandatory respondents assigning a rate of 14.09 percent for Baroque Timber and 122.92 percent for Guyu. Like the *Preliminary Results*, the Department calculated a countervailable subsidy rate of 20.75% based on the weighted average of the rates assigned to Baroque Timber (14.09%) and Guyu (122.92%).

### III.    JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c). In reviewing final results of administrative reviews, this Court holds as unlawful agency determinations that are not supported by substantial evidence on the record, or otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i).  "{T}he substantial evidence standard requires review of the entire administrative record," and asks whether DOC's determination was reasonable in light of that evidence.  *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1351 (Fed. Cir. 2006).  "The substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 471, 488 (1951).

### IV.    ARGUMENT

We respectfully submit that the Department's *Final Results* are not supported by substantial error and are not in accordance with law with regard to (1) the calculation of the

3

countervailable subsidy rates assigned to the mandatory respondents, and (2) the calculation of the countervailable subsidy rate for GreenHome and other non-selected respondents.

We support and incorporate by reference the arguments raised by other Plaintiffs and Plaintiff-Intervenors as presented in their motions and briefs concerning the Department's calculation of the subsidy rates for the mandatory respondents.

GreenHome respectfully requests that the Court hold that, if DOC's calculation of the countervailable subsidy rate assigned to the either of the Mandatory Respondents (Guyu or Baroque Timber) is found to be not supported by substantial evidence or not in accordance with law, the countervailable subsidy rate assigned to non-selected respondents, including GreenHome, should also be found to be not supported by substantial evidence or not in accordance with law. GreenHome accordingly requests that the Court remand this matter to DOC with instructions to recalculate the countervailable subsidy rate to be assigned to the non-selected respondents.

        Respectfully submitted,

        ___/s/ Adams C. Lee___
        Adams C. Lee

        HARRIS BRICKEN SLIWOSKI LLP
        600 Stewart Street, Suite 1200
        Seattle, WA 98101
        (206) 264-5457
        Counsel to Zhejiang Dadongwu GreenHome Wood
        Co., Ltd.

**Certificate of Compliance with Chambers Procedure 2(B)(1)**

The undersigned hereby certifies that the foregoing brief contains 807 words, exclusive of the table of contents, table of authorities, and certificates of counsel, and therefore complies with the maximum 14,000 word count limitation set forth in the Standard Chambers Procedures of the U.S. Court of International Trade.

BY: */s/Adams C. Lee*
Adams C. Lee