**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE THE HONORABLE TIMOTHY M. REIF, JUDGE**

**JIANGSU SENMAO BAMBOO AND WOOD INDUSTRY CO., LTD., ET AL.,**

**Plaintiffs, Consolidated Plaintiffs, and Plaintiff-Intervenors,**

**v.**

**UNITED STATES,**

**Defendant, and**

**AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING**

**Defendant-Intervenors.**

**Consol. Court No. 20-03885**

**ORDER**

Upon consideration of the Rule 56.2 Motion for Judgment On the Agency Record of Consolidated Plaintiffs and Plaintiff-Intervenors Fine Furniture (Shanghai) Limited and Double F Limited, foreign producers and exporters of the subject merchandise (collectively, "Fine Furniture") and all other pleadings, papers and proceedings herein, it is hereby

**ORDERED**, that the Rule 56.2 Motion of Fine Furniture is GRANTED, and it is further

**ORDERED**, that the decision of the U.S. Department of Commerce ("Commerce") in Multilayered Wood Flooring From the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2017, 85 Fed. Reg. 76,011 (Dep't of Commerce Nov. 27, 2020) is remanded to Commerce, with instructions to remove Jiangsu Guyu International Trading Co., Ltd. ("Guyu") as a mandatory respondent or else recalculate Guyu's countervailing duty rate, recalculate the countervailing duty rate for Baroque Timber Industries ("Baroque Timber") and recalculate the countervailing duty rate assigned to Fine Furniture, a non-selected company in accordance with the Court's Opinion; and it is further

**ORDERED**, that Commerce shall provide the Court and parties with revised results within 60 days of this order. Parties shall have 30 days to submit briefs on the revised results to the Court. Responses to those briefs shall be filed within 15 days.

Dated: ___________________
New York, New York

___________________
Timothy M. Reif
Judge

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE THE HONORABLE TIMOTHY M. REIF, JUDGE**

| | |
|---|---|
| **JIANGSU SENMAO BAMBOO AND WOOD INDUSTRY CO., LTD., ET AL.,**<br><br>**Plaintiffs, Consolidated Plaintiffs, and Plaintiff-Intervenors,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>**Defendant, and**<br><br>**AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING**<br><br>**Defendant-Intervenors.** | **Consol. Court No. 20-03885** |

**RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD OF CONSOLIDATED PLAINTIFFS AND PLAINTIFF- INTERVENORS FINE FURNITURE (SHANGHAI) LIMITED AND DOUBLE F LIMITED**

Pursuant to Rule 56.2 of the Rules of the U.S. Court of International Trade, Consolidated Plaintiffs and Plaintiff-Intervenors Fine Furniture (Shanghai) Limited and Double F Limited, foreign producers and exporters of the subject merchandise (collectively, "Fine Furniture"), hereby move for judgment upon the agency record. Fine Furniture challenges certain aspects of the final results of the January 1, 2017 through December 31, 2017 administrative review of the countervailing duty ("CVD") order on multilayered wood flooring ("MLWF") from the People's Republic of China conducted by the U.S. Department of Commerce ("Commerce"). See Multilayered Wood Flooring From the People's Republic of China: Final Results and Partial

Rescission of Countervailing Duty Administrative Review; 2017, 85 Fed. Reg. 76,011 (Dep't of Commerce Nov. 27, 2020) ("Final Results"). Specifically, Fine Furniture seeks judgment upon the agency record because, for the factual and legal reasons outlined in Fine Furniture's Memorandum of Points and Authorities in support of this Motion, the record reflects that Commerce's actions, as set forth below, were unsupported by substantial evidence and unlawful.

Fine Furniture respectfully requests that the Court remand the Final Results to Commerce to correct the following errors:

1. Commerce's selection of Jiangsu Guyu International Trading Co., Ltd. ("Guyu") as a mandatory respondent based on flawed U.S. Customs and Border Protection data;

2. Commerce's improper classification of Guyu's poplar core sheets as veneers and inclusion of poplar core sheets purchases in the veneers for less than adequate remuneration ("LTAR") subsidy calculation;

3. Commerce's benchmark calculation for the plywood for LTAR program to include data under Harmonized Tariff Schedule subheadings that mandatory respondent Baroque Timber Industries ("Baroque Timber") did not use as production input;

4. Commerce's imputation of a benefit to the mandatory respondents under the Export Buyer's Credit Program and failure to apply a zero percent CVD rate for this program despite evidence of non-use of the program by the mandatory respondents and failure of Commerce to meet the statutory prerequisites prior to applying adverse facts available and

5. Commerce's determination that the electricity LTAR program was specific because the Government of China delegated its price-setting authority and Commerce failed to make its statutorily required findings.

Consistent with the above, Fine Furniture further respectfully requests that the Court remand the Final Results to Commerce to take the following actions:

1. remove Guyu as a mandatory respondent or else recalculate the CVD rate for Guyu;

2. recalculate the CVD rate for Baroque Timber;

3. recalculate the CVD rate for Fine Furniture, a non-selected company, based on the corrected rate for the mandatory respondents and

4. issue liquidation instructions to U.S. Customs and Border Protection consistent with this Court's decision.

Dated: May 14, 2021

Respectfully submitted,
/s/ Kristin H. Mowry

Kristin H. Mowry
Sarah M. Wyss
Wenhui "Flora" Ji
MOWRY & GRIMSON, PLLC
5335 Wisconsin Ave., NW, Suite 810
Washington, DC 20015
202.688.3610 (ph)
202.595.8968 (fax)
trade@mowrygrimson.com
*Counsel to Fine Furniture*