UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| JIANGSU SENMAO BAMBOO AND WOOD INDUSTRY CO., LTD., *et al.*, <br><br>　　　　　　　Plaintiffs, <br><br>　　　and <br><br>BAROQUE TIMBER INDUSTRIES (ZHONGSHAN) CO., LTD. and RIVERSIDE PLYWOOD CORPORATION, *et al.*, <br><br>　　　　　　　Consolidated Plaintiffs, <br><br>　　　v. <br><br>UNITED STATES, <br><br>　　　　　　　Defendant, and <br><br>AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING, <br><br>　　　　　　　Defendant-Intervenor. | Consol. Court No. 20-03885 |

## NOTICE OF SUPPLEMENTAL AUTHORITY

　　　Consolidated Plaintiffs, Baroque Timber Industries (Zhongshan) Co., Ltd., and Riverside Plywood Corporation (collectively "Baroque") submit this Notice of Supplemental Authority. Government and Petitioner have argued in these proceedings that they are unable to verify non-use of the Export Buyer's Credit Program ("EBCP"),[1] while Baroque has argued that verification

---

[1] Gov. Br. at 35-38, Pet. Br. at 33.

is feasible. In its Reply Brief, Baroque explained that the fact that verification of usage was possible was evident from the fact that the Department was conducting a verification in the investigation of *Mobile Access Equipment from China*, which was on-going at the time Baroque filed its Reply Brief.[2]

Since filing its Reply Brief, the Department has issued its Final Determination in *Mobile Access Equipment from China*, finding that the EBCP was not used following the supplemental questionnaires and questionnaires in lieu of verification it issued.[3]  Commerce explained that:

> regarding benefit, we recognize that the CIT directed Commerce in numerous decisions to consider whether any available information provided by respondents may be sufficient to fill the gap of missing record information in considering claims of non-use for the EBC program. As a result, we issued supplemental questionnaires and questionnaires in lieu of onsite verification to each mandatory respondent and their U.S. customers, requesting additional information regarding its financing activities. We received complete responses from the respondents, and, consequently, as facts available, we find that neither Dingli nor LGMG – or their U.S. customers used the program.

*Id*.  Counsel intends to discuss this case in response to the Court's questions at Oral Argument on March 33, 2022.

 

Respectfully submitted,

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

*/s/ Andrew T. Schutz*
Andrew T. Schutz
Francis J. Sailer
Kavita Mohan

---

[2] Baroque Reply Br. at 14.
[3] *Certain Mobile Access Equipment and Subassemblies Thereof From the People's Republic of China: Final Affirmative Countervailing Duty Determination*, 86 Fed. Reg. 57,809 (October 19, 2021), and accompanying Issues and Decision Memorandum ("IDM") at Cmt. 5.

                                                                     1201 New York Ave., NW, Ste. 650
                                                                     Washington, DC 20005
                                                                     (202) 783-6881

Dated:  March 1, 2022