IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| JIANGSU SENMAO BAMBOO AND WOOD INDUSTRY CO., LTD., *et al.*,<br><br>    Plaintiffs,<br><br>BAROQUE TIMBER INDUSTRIES (ZHONGSHAN) CO., LTD., *et al.*,<br><br>    Consolidated Plaintiffs,<br><br>  and<br><br>FINE FURNITURE (SHANGHAI) LIMITED, *et al.*,<br><br>    Plaintiff-Intervenors,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>  and<br><br>AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING,<br><br>    Defendant-Intervenor. | Consol. Ct. No. 20-03885 |

ORDER

Upon consideration of defendant's unopposed motion for voluntary remand to the

Department of Commerce for further consideration of its respondent selection practice, it is

hereby

ORDERED that defendant's motion is granted, and that this matter is remanded to

Commerce for further consideration of the respondent selection decision at issue in this case; and it is further

ORDERED that Commerce shall file remand results with the Court no later than 45 days from the date of this order; and it is further

ORDERED that briefing on those remand results shall proceed pursuant to United States Court of International Trade Rule 56.2(h).


_____
Timothy M. Reif, Judge

Dated: _____, _____
       New York, NY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| JIANGSU SENMAO BAMBOO AND WOOD INDUSTRY CO., LTD., *et al.*,<br><br>       Plaintiffs,<br><br>BAROQUE TIMBER INDUSTRIES (ZHONGSHAN) CO., LTD., *et al.*,<br><br>       Consolidated Plaintiffs,<br><br>   and<br><br>FINE FURNITURE (SHANGHAI) LIMITED, *et al.*,<br><br>       Plaintiff-Intervenors,<br><br>       v.<br><br>UNITED STATES,<br><br>       Defendant,<br><br>   and<br><br>AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING,<br><br>       Defendant-Intervenor. | Consol. Ct. No. 20-03885 |

DEFENDANT'S UNOPPOSED MOTION FOR VOLUNTARY REMAND

Pursuant to Rules 6(b) and 7(b) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court vacate the current briefing schedule and remand to the Department of Commerce the final results as revised by Commerce's remand redetermination filed with this Court on December 7, 2022 (ECF Nos. 101,

102).  Should the Court grant this order, Commerce intends, on remand, to consider the effect of

the Court of Appeals for the Federal Circuit's recent decision in *YC Rubber Co. (N. Am.) LLC v.*

*United States*, No. 2021-1489, 2022 WL 3711377 (Fed. Cir. Aug. 29, 2022) (*YC Rubber*) on

Commerce's respondent selection and non-examined company rate determinations in this

review, including Jiangsu Guyu International Trading Co., Ltd., ('Guyu") which was de-selected

as a mandatory. Guyu maintains that as a result of its de-selection it falls in the category of non-

examined companies.  The other parties to this action have indicated that they do not oppose this

motion.[1]

Should the Court deny our request for a remand, we respectfully request that the Court

extend the deadline for the filing of comments in support of the remand redetermination to 30

days from the date of the Court's order.

---

[1]  Lizbeth Levinson with Fox Rothschild stated on behalf of consolidated plaintiffs Metropolitan Hardwood Floors, Inc.; Floor & Decor Holdings, Inc.; Galleher Corp.; Galleher, LLC; and MCI International that they do not oppose the motion.  Adams Lee, with Harris Bricken McVay Sliwoski, LLP, stated on behalf of consolidated plaintiff Zhejiang Dadongwu GreenHome Wood Co., Ltd that it takes no position.  Timothy Brightbill with Wiley Rein LLP stated on behalf of defendant-intervenor American Manufacturers of Multilayered Wood Flooring that it takes no position.  Gregory McCue with Steptoe & Johnson LLP stated on behalf of consolidated plaintiffs Evolutions Flooring, Inc. and Struxtur, Inc. that they take no position. Mark Ludwikowski with Clark Hill PLC statd on behalf of plaintiff-intervenors Shenzhenshi Huanwei Woods Co., Ltd; Zhejiang Biyork Wood Co., Ltd.; Jiangsu Guyu International Trading Co., Ltd.; Kemian Wood Industry (Kunshan) Co., Ltd.; Jiangsu Simba Flooring Co., Ltd.; Dongtai Fuan Universal Dynamics, LLC; Jiashan HuiJiaLe Decoration Material Co., Ltd.; and Dalian Jiahong Wood Industry Co., Ltd. that they take no position.  Alexandra Salzman with DeKiefer & Horgan, PLLC stated on behalf of plaintiff-intervenors Dalian Quianqiu Wooden Product Co., Ltd.; Fusong Jinlong Wooden Group Co., Ltd.; Fusong Jinqiu Wooden Product Co., Ltd.; Fusong Qianqiu Wooden Product Co., Ltd.; Dunhua City Jisen Wood Industry Co., Ltd.; Dalian Penghong Floor Products Co., Ltd.; and Dalian Shumaike Floor Manufacturing Co., Ltd. that they take no position.  Sarah Wyss with Mowry & Grimson, PLLC stated on behalf of consolidated plaintiff Fine Furniture (Shanghai) Limited and plaintiff-intervenor Double F Limited that they take no position.  Andrew Schutz with Grunfeld Desiderio Lebowitz Silverman stated on behalf of consolidated plaintiffs Baroque Timber Industries (Zhongshan), Co., Ltd. and Riverside Plywood Corporation that they take no position.  Stephen Brophy with Husch Blackwell LLP stated on behalf of plaintiffs Jiangsu Senmao Bamboo and Wood Industry Co., Ltd; Jiangsu Keri Wood Co., Ltd.; and Sino-Maple (JiangSu) Co., Ltd. that they consent.

<u>STANDARD OF REVIEW</u>

An agency may request a remand "because of intervening events outside of the agency's control, for example, a new legal decision or the passage of new legislation." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001). "A remand is generally required if the intervening event may affect the validity of the agency action." *Id.* We respectfully request that the Court remand the final results to Commerce so that Commerce may consider and, if appropriate, apply, the holdings of *YC Rubber*, to this case.

The Court has discretion whether to grant a remand. The Court could, for instance, "refuse{}" "{a} remand . . . if the agency's request is frivolous or in bad faith." *Id*. at 1029. But "if the agency's concern is substantial and legitimate, a remand is usually appropriate." *Id*. at 1030. The Court has further explained that "{a} concern is substantial and legitimate when (1) Commerce has a compelling justification, (2) the need for finality does not outweigh that justification, and (3) the scope of the request is appropriate." *Changzhou Hawd Flooring Co. v. United States*, 6 F. Supp. 3d 1358, 1361 (Ct. Int'l Trade 2014) (citing *Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1338-39 (Ct. Int'l Trade 2013)).

<u>ARGUMENT</u>

Remand is appropriate in this circumstance to allow Commerce to address intervening legal authority in the first instance. In this administrative review, Commerce selected two mandatory respondents: Baroque Timber and Jiangsu Guyu. Parties subsequently challenged Commerce's mandatory respondent selection, and this Court remanded the respondent selection determination to Commerce for reconsideration. *Jiangsu Senmao Bamboo & Wood Indus. Co. v. United States*, 589 F. Supp. 3d 1195, 1213 (Ct. Int'l Trade 2022). On remand, Commerce determined to deselect Jiangsu Guyu as a mandatory respondent and to rely on Baroque Timber as the sole mandatory respondent. Remand Results at 12 (ECF No. 102). Commerce also relied

solely on Baroque Timber's rate (i.e., 14.09 percent) to establish the non-selected rate. Remand Results at 34.

In *YC Rubber*, the Federal Circuit held that, when Commerce limits its investigation to fewer than all exporters or producers involved in a review, the "reasonable number" referenced in 19 U.S.C. § 1677f-1(c)(2) "is generally more than one." *YC Rubber*, No. 2021-1489, 2022 WL 3711377, at *4. In its comments on the remand redetermination, Senmao relies upon *YC Rubber* as support for its request for another remand for Commerce to recalculate the rate assigned to non-selected respondents. Senmao Cmts. at 6-7 (ECF No. 106).

*YC Rubber* may implicate Commerce's respondent selection determinations at issue in this litigation. Because the mandate in *YC Rubber* was not issued until January 18, 2023, Commerce has not yet had an opportunity to consider the implications of *YC Rubber* for this matter. Accordingly, Commerce should be permitted to address whether that decision affects its decisions in this litigation.

We respectfully submit that the remaining factors weigh in favor of granting our motion. *See Changzhou Hawd Flooring*, 6 F. Supp. 3d at 1361. No party opposes our request; therefore, the need for finality does not outweigh our justification. The scope of our request is appropriate because it is narrowly focused on the issue of respondent selection addressed in *YC Rubber*. Accordingly, there is a substantial and legitimate justification for this Court to grant a voluntary remand for Commerce to address intervening legal authority.

Alternatively, should the Court deny our motion for voluntary remand, we respectfully request that the Court provide 30 days from the date of denial for parties to file comments in support of the remand redetermination, which is currently due no later than February 15, 2023.

CONCLUSION

For these reasons, we respectfully request that the Court stay the current briefing schedule and remand this matter to Commerce. If the Court declines to remand this matter, we respectfully request that the Court extend the deadline for defendant to submit its comments in support of the remand result to 30 days after its decision on this motion.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

OF COUNSEL:                         /s/ Kelly Geddes
JONZACHARY FORBES                   KELLY GEDDES
Attorney                            Trial Attorney
Office of the Chief Counsel         Commercial Litigation Branch
  for Trade Enforcement & Compliance   Civil Division
U.S. Department of Commerce         Department of Justice
                                    P.O. Box 480
                                    Ben Franklin Station
                                    Washington, DC 20044
                                    Telephone: (202) 353-0534
                                    Email: Kelly.Geddes2@usdoj.gov

February 14, 2023                   Attorneys for Defendant