UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| JIANGSU SENMAO BAMBOO AND WOOD INDUSTRY CO., LTD., ET AL., | )<br>)<br>) |
| Plaintiffs, | ) |
| BAROQUE TIMBER INDUSTRIES (ZHONGSHAN) CO., LTD., et al., | )<br>) |
| Consolidated Plaintiffs, | ) |
| and | ) |
| FINE FURNITURE (SHANGHAI) LIMITED, et al., | ) Consol. Court No. 20-03885 |
| Plaintiff-Intervenors, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant, and | ) |
| AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING | ) |
| Defendant-Intervenors. | ) |

COMMENTS SUPPORTING FINAL REMAND REDETERMINATION OF
CONSOLIDATED PLAINTIFFS AND PLAINTIFF INTERVENORS FINE FURNITURE
(SHANGHAI) LIMITED AND DOUBLE F LIMITED

Kristin H. Mowry
Sarah M. Wyss
MOWRY & GRIMSON, PLLC
5335 Wisconsin Ave., NW, Suite 810
Washington, DC 20015

May 31, 2023

202.688.3610 (ph)
202.595.8968 (fax)
trade@mowrygrimson.com

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF ARGUMENT .................................................. 1
II. STANDARD OF REVIEW ........................................................................................ 2
III. ARGUMENT ............................................................................................................. 2
   A. COMMERCE'S CONTINUED DESELECTION OF JIANGSU GUYU AS A MANDATORY RESPONDENT IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IN ACCORDANCE WITH LAW ........................................................................... 2
   B. FINE FURNITURE TAKES NO POSITION ON THE SELECTION OF JIANGSU SENMAO AS AN ADDITIONAL MANDATORY RESPONDENT AT THIS TIME 3
CONCLUSION ..................................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**

Ad Hoc Shrimp Trade Action Comm. v. United States, 38 CIT 727, 992 F. Supp. 2d 1285 (2014) ............................................................................................................................... 2
Ad Hoc Shrimp Trade Action Comm. v. United States, 802 F.3d 1339 (Fed. Cir. 2015).............. 2
Hyundai Steel Co. v. United States, 589 F. Supp. 3d 1360 (Ct. Int'l Trade 2022)........................ 2
Jiangsu Senmao Bamboo & Wood Indus. Co. v. United States, 589 F. Supp. 3d 1195 (Ct. Int'l Trade 2022) ............................................................................................................................ 1, 3
Nippon Steel Corp. v. United States, 458 F.3d 1345 (Fed. Cir. 2006) .......................................... 2
Qingdao Qihang Tyre Co., Ltd. v. United States, 308 F. Supp. 3d 1329 (Ct. Int'l Trade 2018).... 3
YC Rubber Co. (N. Am.) LLC v. United States, No. 2021-1489, 2022 U.S. App. LEXIS 24259 (Fed. Cir. 2022) ........................................................................................................................ 1

**Statutes**

19 U.S.C. § 1516a(b)(1)(B)(i)........................................................................................................ 2

I.      INTRODUCTION AND SUMMARY OF ARGUMENT

Consolidated Plaintiffs and Plaintiff-Intervenors Fine Furniture (Shanghai) Limited and Double F Limited (collectively, "Fine Furniture") submit these comments in support of the remand redetermination issued by the Department of Commerce ("Commerce"). Final Results of Redetermination Pursuant to Ct. Remand (Mar. 31, 2023), Jiangsu Senmao Bamboo & Wood Indus. Co. v. United States, 589 F. Supp. 3d 1195 (Ct. Int'l Trade 2022), ECF No. 119 ("Final Remand").[1] Commerce requested a voluntary remand to consider whether there are any implications of the recent decision issued by the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") in YC Rubber Co. (N. Am.) LLC v. United States, No. 2021-1489, 2022 U.S. App. LEXIS 24259 (Fed. Cir. 2022) on respondent selection and calculation of the rate for non-examined companies in the underlying review of this proceeding. See Final Remand at 1-2. Following the Court's order granting Commerce's voluntary remand, Commerce submitted its Final Remand, affirming its decision in its prior remand redetermination to deselect Jiangsu Guyu International Trading Co., Ltd. ("Jiangsu Guyu") as a mandatory respondent and exclude Jiangsu Guyu's rate from the calculation of the subsidy rate of the non-examined companies. Id. at 18. Commerce also found that it is reasonable to continue to assign an ad valorem subsidy rate of 14.09 percent to the non-examined respondents, including Fine Furniture, based on the calculated subsidy rate for Baroque Timber Industries ("Baroque Timber"). See id. at 25. Commerce acted lawfully under the Tariff Act of 1930 by eliminating Jiangsu Guyu as a mandatory respondent and assigning the calculated subsidy rate of Baroque Timber, i.e., 14.09 percent, to the non-examined

---

[1] All citations in this submission refer to the public version or public documents unless stated otherwise.

respondents because Baroque Timber is the sole existing mandatory respondent that is representative of the companies not selected for individual examination.

## II. STANDARD OF REVIEW

The Court reviews remand redeterminations for compliance with its remand order. See Hyundai Steel Co. v. United States, 589 F. Supp. 3d 1360, 1363 (Ct. Int'l Trade 2022) (citing Ad Hoc Shrimp Trade Action Comm. v. United States, 38 CIT 727, 730, 992 F. Supp. 2d 1285, 1289-90 (2014), aff'd 802 F.3d 1339 (Fed. Cir. 2015)). The Court must uphold an agency determination so long as it is supported by substantial evidence or otherwise in accordance with law. See 19 U.S.C. § 1516a(b)(1)(B)(i). In holding that Commerce's determination was supported by substantial evidence, the Court must consider the record as a whole including that which fairly detracts from its weight to determine whether there exists such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Nippon Steel Corp. v. United States, 458 F.3d 1345, 1351 (Fed. Cir. 2006) (internal citations and quotation marks omitted).

## III. ARGUMENT

Commerce's Final Remand is supported by substantial evidence and otherwise in accordance with law. For the reasons explained below, the Court must sustain Commerce's continued decision in the Final Remand to remove Jiangsu Guyu from the non-selected companies rate calculation.

### A. COMMERCE'S CONTINUED DESELECTION OF JIANGSU GUYU AS A MANDATORY RESPONDENT IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IN ACCORDANCE WITH LAW

In its Final Remand, Commerce left unchanged its decision to deselect Jiangsu Guyu as a mandatory respondent in the underlying review and to remove Jiangsu Guyu's rate from the

calculation of the non-selected companies' rate assigned to Fine Furniture.  Final Remand at 18, 25.

Commerce's deselection of Jiangsu Guyu as a mandatory respondent continues to be supported by substantial evidence and in accordance with law because Jiangsu Guyu was no longer a top exporter or producer in the underlying review.  See id. at 10, 18, 23.  Commerce's decision to deselect Jiangsu Guyu also complied with the order of this Court.  See Jiangsu Senmao Bamboo & Wood Indus. Co. v. United States, 589 F. Supp. 3d 1195, 1213-14 (Ct. Int'l Trade 2022) (citing Qingdao Qihang Tyre Co., Ltd. v. United States, 308 F. Supp. 3d 1329, 1362 (Ct. Int'l Trade 2018)) ("19 U.S.C. § 1677f-1 grants Commerce the authority to calculate the rate for non-examined companies based on the individual margins of the largest exporters because under § 1677f-1(c)(2)(B) 'the examined respondents are treated as representative of other respondents by virtue of being the largest exporters'").  Because Jiangsu Guyu is no longer the top exporter or producer based on the correct U.S. Customs and Border Protection data, it is not representative of other respondents.  Commerce is, therefore, correct in removing the calculated subsidy rate assigned to Jiangsu Guyu from the calculated subsidy rate assigned to non-examined respondents.

In sum, Commerce's continued determination in the Draft Results to deselect Jiangsu Guyu as a mandatory respondent and to exclude Jiangsu Guyu's rate from the calculation of the non-examined companies' subsidy rate is supported by substantial evidence and in accordance with law.

**B.  FINE FURNITURE TAKES NO POSITION ON THE SELECTION OF JIANGSU SENMAO AS AN ADDITIONAL MANDATORY RESPONDENT AT THIS TIME**

Fine Furniture takes no position on Commerce's determination in the Final Remand not to select an additional mandatory respondent in the underlying review.  If Commerce eventually selects Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. ("Jiangsu Senmao") as a mandatory

3

respondent at any point during this proceeding, Fine Furniture will comment at that time on the calculation of Jiangsu Senmao's subsidy rate and the applicability of Jiangsu Senmao's rate to the rate assigned to the non-examined companies.

## CONCLUSION

For the reasons set forth herein, Fine Furniture continues to support Commerce's deselection of Jiangsu Guyu as a mandatory respondent and exclusion of Jiangsu Guyu's rate from the calculation of the subsidy rate for non-examined companies. Fine Furniture takes no position at this time on the selection of Jiangsu Senmao as an additional respondent but reserves the right to comment further on the non-examined company rate should Commerce select Jiangsu Senmao as an additional respondent and calculate an associated CVD rate in a future remand proceeding. Accordingly, the Court should find that Commerce's Final Remand is supported by substantial evidence and otherwise in accordance with law. Fine Furniture requests the Court to sustain Commerce's Final Remand.

Respectfully submitted,

Dated: May 31, 2023

/s/ Kristin H. Mowry
Kristin H. Mowry
Sarah M. Wyss
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, NW, Suite 810
Washington, D.C. 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to Fine Furniture (Shanghai) Limited and Double F Limited*

# CERTIFICATE OF COMPLIANCE

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Kristin H. Mowry, hereby certify that this brief complies with the word limitation set forth in Paragraph 2(b) of the Standard Chamber Procedures. Excluding the table of contents, table of authorities, signature block and any certificates of counsel, the word count for these comments is 1,015 words.

Dated: May 31, 2023

/s/ Kristin H. Mowry
Kristin H. Mowry
Sarah M. Wyss
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, NW, Suite 810
Washington, D.C. 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to Fine Furniture (Shanghai) Limited and Double F Limited*