UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: The Honorable Timothy M. Reif, Judge**

| | |
|---|---|
| JIANGSU SENMAO BAMBOO AND WOOD INDUSTRY CO., LTD., et al., <br><br> Plaintiffs, <br><br> BAROQUE TIMBER INDUSTRIES (ZHONGSHAN) CO., LTD., et al., <br><br> Consolidated Plaintiffs, <br><br> and <br><br> FINE FURNITURE (SHANGHAI) LIMITED, et al., <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING, <br><br> Defendant-Intervenor. | Consol. Court No. 20-03885 |

## NOTICE OF APPEAL

Notice is hereby given that Plaintiffs Galleher Corp. and Galleher LLC, hereby appeal to the United States Court of Appeals for the Federal Circuit: (i) this Court's Opinion in the action

1

dated March 24, 2025,[1] affirming in part and remanding in part the U.S. Department of Commerce's ("Commerce") final results of the 2017 administrative review of the countervailing duty order on *Multilayered Wood Flooring from the People's Republic of China;*[2] (ii) Commerce's First Remand Results dated December 7, 2022 (ECF 102); (iii) Commerce's Second Remand Results dated March 31, 2023 (ECF 119); (iv) Commerce's subsequent August 8, 2025 Third Remand Results continuing to assign to Jiangsu Guyu International Trading Co., Ltd. ("Guyu") the calculated subsidy rate of 122.94, and (v) the Judgment entered by this Court on September 11, 2025 (ECF 120).

In the underlying countervailing duty administrative review, Commerce selected Guyu as a mandatory respondent for individual examination and calculated a company specific rate for Guyu. In the First Remand Opinion and Order dated August 11, 2022 (ECF 85),[3] the Court ordered Commerce to address comments from interested parties concerning the reliability and use of U.S. Customs and Border Protection ("CBP") data for its respondent selection, and to reconsider the respondent selection determination (*i.e.* selection of Guyu as a mandatory respondent) and the calculation of the CVD subsidy rate for the non-selected companies under review. In the First Remand Results submitted on December 7, 2022 (ECF 102), Commerce excluded certain CBP data in the ranking of the top two producers and exporters and determined that Guyu was not one of the largest producer and exporters under section 777A(e)(2)(A)(ii) of

---

[1] *See Jiangsu Senmao Bamboo and Wood Indus. Co., Ltd. v. United States*, Consol. Court No. 20-03885, Slip Op. 25-28, 769 F. Supp. 3d 1344 (March 24, 2025) (ECF No. 149) ("*Third Remand Opinion and Order*").
[2] *See Multilayered Wood Flooring from the People's Republic of China: Final Results and Partial Recission of Countervailing Duty Administrative Review; 2017,* 85 Fed. Reg. 76,011 (Nov. 27, 2020) ("*Final Results*"), and accompanying Issues and Decision Memorandum.
[3] *See Jiangsu Senmao Bamboo and Wood Indus. Co., Ltd. v. United States*, Slip Op. 22-93, 46 CIT ____, 589 F. Supp. 3d 1195 (2002) ("*First Remand Opinion and Order*").

2

the Act. As a result, Commerce deselected Guyu as a mandatory respondent. Although Commerce removed Guyu's rate from the calculation of the rate applicable to the non-selected companies under review, it continued to apply to Guyu the individual CVD rate that was calculated for Guyu during the administrative review. *See* First Remand Results at 13.

Following comments on the First Remand Results and upon Defendant's unopposed motion for voluntary remand, the Court of International Trade remanded the case to Commerce for further consideration of the respondent selection decision at issue. *See* Second Remand Order, dated February 14, 2023 (ECF 114). In its Second Remand Redetermination, submitted on March 31, 2023 (ECF 119), Commerce determined not to select another mandatory respondent to replace Guyu, and continued to apply to Guyu the individually calculated CVD rate despite its determination to deselect Guyu as a mandatory respondent. *See* Second Remand Results at 18.

In its Opinion and Order dated March 24, 2025[4], the Court sustained in part and remanded in part certain aspects of Commerce's Final Results and Second Remand Results. The issue remanded to Commerce was the selection of Jiangsu Senmao for examination as a mandatory respondent. The Court also addressed comments of interested parties challenging Commerce's continued application of the individually investigated rate to Guyu (ECF 149). Ultimately, the Court sustained Commerce's decision to apply to Guyu its individually calculated rate, finding the decision was supported by substantial evidence and was in accordance with law. *See* Court's Opinion and Order at 30 (ECF 149).

Commerce filed its Third Remand Results on August 8, 2025 (ECF 168), in which it assigned a calculated, individual CVD subsidy rate to Jiangsu Senmao of 2.45, and calculated a

---

[4] *Third Remand Opinion and Order* at 30.

177817174.1

revised rate of 10.02 percent for the non-selected companies under review.  However, Commerce did not revisit or revise its determination to assign the calculated rate of 122.94 percent to Guyu, rather than the 10.02 percent assigned to non-selected companies under review.  *See* Third Remand Results at 17-18.

    Plaintiffs hereby appeal the Court's holding in its *Third Remand Opinion and Order* sustaining Commerce's decision to apply to Guyu the rate that was individually calculated for Guyu in the underlying review despite deselecting the company as a mandatory respondent, and the subsequent Judgement entered on September 11, 2025.

                                       Respectfully submitted,

                                       /s/ *Lizbeth R. Levinson*
                                       Lizbeth R. Levinson
                                       Brittney R. Powell

                                       FOX ROTHSCHILD LLP
                                       2020 K Street NW
                                       Suite 500
                                       Washington, DC  20006
                                       Tel: (202) 794-1186
                                       Email:  llevinson@foxrothschild.com

                                       *Counsel to Consolidated Plaintiffs Galleher*
                                       *Corp. and Galleher LLC*

Dated: October 8, 2025

177817174.1

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **JIANGSU SENMAO BAMBOO AND WOOD INDUSTRY CO., LTD., ET AL,** | |
| Plaintiffs, | |
| and | |
| **FINE FURNITURE (SHANGHAI) LIMITED, ET AL,** | |
| Plaintiff-Intervenors, | |
| and | **Before: Timothy M. Reif, Judge** |
| **BAROQUE TIMBER INDUSTRIES (ZHONGSHAN) CO., LTD., ET AL,** | **Consol. Court No. 20-03885** |
| Consolidated Plaintiffs, | |
| v. | |
| **UNITED STATES,** | |
| Defendant, | |
| and | |
| **AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING,** | |
| Defendant-Intervenor. | |

## JUDGMENT

This case concerns the challenge to the final results of the U.S. Department of Commerce ("Commerce") in its administrative review of the countervailing duty order on multilayered wood flooring from the People's Republic of China. *See* Compl., ECF No.

12; *see also Multilayered Wood Flooring from the People's Republic of China: Final Results and Partial Recission of Countervailing Duty Administrative Review*, 85 Fed. Reg. 76,011 (Dep't of Commerce Nov. 27, 2020) and accompanying Issues and Decision Memorandum.

On March 24, 2025, the Court sustained in part and remanded in part certain aspects of Commerce's Final Results and Second Remand Results. *See Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. et al v. United States,* 49 CIT __, 769 F. Supp. 3d 1344 (2025). The Court remanded this matter to Commerce to: (1) select Jiangsu Senmao for examination as a mandatory respondent; (2) reconsider its decision to include data from HS category 4412.99 in its plywood for less then adequate remuneration ("LTAR") benchmark calculation; and (3) explain further its reasoning or provide alternatively Jiangsu Guyu the opportunity to submit additional benchmark data with respect to the veneers for LTAR program. *Jiangsu Senmao*, 49 CIT at __, 769 F. Supp. 3d at 1409.

On remand, Commerce added Jiangsu Senmao as a mandatory respondent in the underlying administrative review. Final Results of Redetermination Pursuant to Court Remand at 8, ECF No. 168. Additionally, Commerce revised the benchmark calculation for the provision of plywood for LTAR program to remove HS category 4412.99 and calculated the new subsidy rate for Baroque Timber to be 9.35 percent ad valorem. *Id*. at 11-12. Last, Commerce provided an explanation of the suitability of the benchmark data on the record for the provision of veneer for LTAR program to describe Jiangsu Guyu's purchases of poplar core sheet. *Id*. at 12-15.

     The only comments on the remand redetermination of Commerce were those by consolidated plaintiffs and plaintiff-intervenors Fine Furniture (Shanghai) Limited and Double F Limited.  Their comments state that per the remand redetermination "[Commerce] properly selected [Jiangsu Senmao] as an additional respondent for individual examination" and that "Commerce's exclusion of HS 4412.99 from the benchmark calculation for plywood for [LTAR] program of [Baroque Timber] is supported by substantial evidence."  *Id*. at 16-17.  No other party objected to the remand redetermination, and no additional briefing was requested by any party.

     This case having been submitted for decision and there being no remaining issues to adjudicate, judgment is entered sustaining Commerce's remand determination.  Now, after due deliberation, it is hereby:

     **ORDERED** that Commerce's remand redetermination is **SUSTAINED**.

/s/     Timothy M. Reif
Timothy M. Reif, Judge

Dated: September 11, 2025
      New York, New York